IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KINNEY PROPERTIES IV, LLC,

  Plaintiff,           Case No. 1:15–cv–00346–PLM

v.                Chief Judge Paul L. Maloney

VILLAGE OF SHOREHAM,

  Defendant.
_____

| | |
|---|---|
| Scott A. Dienes (P53066) | Michael S. Bogren (P34835) |
| Attorney for Plaintiff | Attorney for Defendant |
| DeFRANCESCO & DIENES PLLC | PLUNKETT COONEY |
| 728 Pleasant Street, Suite 204 | 950 Trade Centre Way, Suite 310 |
| St. Joseph, Michigan  49085 | Kalamazoo, Michigan  49002 |
| (269-983-1400) | (269-226-8822) |
| sdienes@dds-law.net | mbogren@plunkettcooney.com |

Timothy A. Stoepker (P31297)
Co-Attorney for Plaintiff
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313-223-3500
TStoepker@dickinson-wright.com
_____/

**<u>CONSENT JUDGMENT</u>**

The parties, by and through undersigned counsel stipulate and agree as follows:

A. Plaintiff Kinney Properties IV, L.L.C., (hereafter referred to as Plaintiff), a Michigan limited liability corporation, is the owner of certain real property in the Village of Shoreham (hereafter referred to as the Property).

B.  The Property is undeveloped land located on Lakeshore Drive, commonly known as 3545 Lakeshore Drive and consists of parcels 11-43-0010-0069-02-0 and 11-43-0010-0070-00-0. (A legal description of the Property is attached as Exhibit A).

C.  Defendant Village of Shoreham (hereafter referred to as the Village), is a Michigan municipal corporation organized and existing under the laws of the State of Michigan and located in Berrien County, Michigan.

D.  The Property is zoned Open Space/Flood Plain pursuant to the Village's Zoning Ordinance and Zoning Map.

E.  The Plaintiff submitted to the Village various requests to rezone the Property to allow for commercial development.

F.  None of the Plaintiff's rezoning requests were approved by the Village Council.

G.  Plaintiff filed the instant action alleging that the denial of the rezoning requests violated the Michigan and United States Constitutions and violated Michigan zoning enabling statutes. Plaintiff sought equitable relief and monetary damages.

H.  Defendants filed an Answer and Affirmative defenses, denying any violation of the Plaintiff's constitutional rights and denying liability to the Plaintiff.

I.  The parties have engaged in extensive settlement discussions through Facilitation, pursuant to the Court's Case Management Order.

J.  The parties acknowledge that there exists a mutual opportunity to resolve this litigation in accordance with the terms and conditions of this Consent Judgment, in order to avoid further costs and expenses, the uncertainty of a trial and to obtain finality, without any admission of liability or wrongdoing on the part of any party.

K.     The parties acknowledge (1) that this Consent Judgment was freely and voluntarily entered into, (2) that the Consent Judgment is in the public interest, (3) that the Consent Judgment was approved by the parties as required by applicable law, (4) that the Consent Judgment was entered into in good faith (5) that the uses, development, construction and occupancy of said use on the Property as authorized by the Consent Judgment are lawful conforming permitted by right uses of and on the Property notwithstanding Defendant's Zoning Ordinance or any other of Defendant's ordinances and/or codes, and/or laws, and/or rules/regulations to the contrary as they now exist or as they may be lawfully amended in the future, and (6) that the use and development of the Property as authorized by this Consent Judgment are consistent with public health, safety and welfare.

L.     That this Consent Judgment does not constitute a rezoning of the Property.

M.     The parties agree to treat one another in good faith and will not take or omit any action that will interfere with the spirit or intent of this Consent Judgment including, but not limited to cooperation in obtaining such other governmental approvals required for the development, construction and use of the Property as provided by this Consent Judgment.

NOW, THEREFORE, pursuant the parties' stipulated findings recited above, which are incorporated into and made a part of this Consent Judgment, and pursuant to the agreement and stipulation of the parties through their counsel, and as approved by the Plaintiff and the Village of Shoreham Council IT IS HEREBY ORDERED AND ADJUDGED:

1.     Reference in this Consent Judgment to "Plaintiff" shall mean and refer to Kinney Properties IV, L.L.C., and to any and all of its successors, assigns, trustees, grantees,

vendees and transferees and the terms and conditions of this Consent Judgment shall be binding upon and inure to the benefit of those successors, assigns, trustees, grantees, vendees and transferees. Reference to the "Defendant" shall mean and refer to the Village of Shoreham and its elected and appointed employees, officials, boards, commissions, trustees, agents, successors and assigns and the terms and conditions of this Consent Judgment shall be binding upon and inure to the benefit of the those elected and appointed employees, officials, boards, commissions, trustees, agents, successors and assigns.

2. The Defendant shall not interfere with and/or prevent the development and/or redevelopment, repair, remodeling, expansion, the use of the structures, buildings and site improvements which are made and used on the Property as permitted by and authorized by this Consent Judgment. In the event any portion of the Property, including but not limited to the site improvements, buildings and structures thereon, are destroyed in whole or in part by fire and/or any other form of casualty, the Plaintiff shall have the right to rebuild and/or otherwise develop, construct, use and occupy the Property as provided by this Consent Judgment and as otherwise provided by applicable law.

3. Plaintiff shall be permitted to develop, construct, use, occupy and/or sell and/or lease the Property in accordance with the terms of this Consent Judgment.

4. The parties agree that, notwithstanding the Open Space/Flood Plain zoning classification of the Property, and notwithstanding the Zoning Ordinance, and/or any other of Defendant's laws, codes, rules, regulations and ordinances to the contrary, the Property may be used, developed, constructed and occupied with any one and/or more of the following uses:

        Business & Professional Offices as a Permitted Principal Use

Financial Institutions & Services Mortgage lenders as a Permitted Principal use excluding, pawn shops, pay-day lenders, and money exchangers.

Food/Beverage Retail Sales & Services as a Special Exception Use, provided that there will be no beverage use for the sole purpose of selling carry-out only Specially Designated Dealer and/or Specially Designated Merchant licensed beverages and provided that food/beverage retail sales will not be sold in a convenience store format which is defined as a store that sells a food/beverage mix of only prepared foods, snack foods, beverages, tobacco, beauty aids, confectionery/candy and limited frozen foods and limited bakery foods.

Furniture & Household Goods as a Permitted Principal Use

General Merchandise individually or collectively as a Permitted Principal Use(s) as follows:

Apparel and Accessory sales and service
Art gallery/studios
Art/school/business supply
Bakery
Bicycle shop/repairs
Book and/or stationary
Camera and photography supply
Candy
Greeting cards
China/Glassware/kitchen/bath items
Drugstore with no drive-through window
Florist
Furrier
Gifts
Hobby/craft store
Jewelry
Leather
Music store
Pet shops
Retail picture framing
Toys

Sporting goods

Miscellaneous Sales & Services as Permitted Principal Uses as follows:

Barbers
Beauty salons/spas
Locksmith
Retail fabric shop
Tailor
Travel Bureau
Upholstery

Restaurants with indoor and/or outdoor seating including carry-out food and on-premise consumption of licensed beverage as Permitted Principal Uses, excluding drive-through windows and carry-out only restaurants.

Establishments for on-premise consumption of licensed beverages as a Special Exception Use.

Nursing homes, assisted living senior residential units, independent senior living units as a Special Exception Use.

Those uses currently permitted in the Open Space/Flood Zone District of the Defendant's Zoning Ordinance as specified in section 306 of the Defendant's Zoning Ordinance as of the date of this Consent Judgment;

Such other uses that may be permitted in the future on the Property pursuant to the Zoning Ordinance as lawfully amended by the Defendant.

Uses accessory to all of the above uses, including, but not limited to off-street parking and loading facilities.

5. The extension of any utilities that may be required to serve any development of the Property shall be at the sole expense and responsibility of the Plaintiff. The Defendant represents to the Plaintiff that the Plaintiff shall be entitled to connect to the

sanitary sewer and public water lines adjacent to the Property to serve the uses permitted by this Consent Judgment

   6.  The development and construction and occupancy of the Property shall only be subject to the following approvals/permits; (1) For those uses listed above as a Permitted Principal Use, the same shall be approved upon the payment of lawful site plan review fees and submission of a site plan application and site plan. The site plan shall be reviewed by the Defendant's Building Inspector only to determine compliance with this Consent Judgment, the contents of the site plan shall conform with Section 903 of the Zoning Ordinance and the requirements of this Consent Judgment. The site plan shall be reviewed, approved or disapproved based solely on the criteria in paragraph 7 of this Consent Judgment on or before 30 days from the submission of the site plan application, site plan and site plan fees. (2) For those uses listed as a Special Exception Use, the site plan shall be reviewed and approved as provided by this paragraph 6 of the Consent Judgment and the granting or denial of the special exception shall be determined by the Village Council as provided by criteria set forth in paragraph 7 of this Consent Judgment, as provided by MCL 125.3502, MCL125.3504 and as provided by applicable law. The public hearing for the special exception use will be conducted after the site plan is approved by the Defendant's Building Inspector and within 60 days from the Defendant's receipt of the special exception application. (3) Issuance of a building permit pursuant to the applicable lawful building code administered by the Defendant's Building Inspector and upon payment of the lawful building/inspection permit fees. (4) Issuance of such approvals and permits as are lawfully required by County, State, Federal or other local or intergovernmental agencies having jurisdiction over the Property. All such approvals shall

be presented to the Defendant's Building Inspector.(5) Issuance of a certificate of occupancy by Defendant's Building Inspector in accordance with Section 1003 G. of the Zoning Ordinance.

7. The following criteria shall solely govern and control Defendant's Building Inspector's review and approval or disapproval of the Plaintiff's site plan with regard to the development of the Property pursuant to this Consent Judgment: (1) no building shall exceed 35 feet in height as defined by Section 1402 of the Zoning Ordinance; (2) the Defendant may not require a front yard building setback greater than 30 feet, and may not require any side yard setbacks. However, if the Plaintiff elects to utilize side yards setbacks the Defendant may not require a side yard setback greater than 10 feet for each side yard of the Property, and Defendant may not require a building rear yard setback greater than 20 feet; (3) building lot coverage on the Property shall not exceed 40% of the size of the Property; (4) off-street parking and loading for the uses on the Property shall be governed by Article VII of the Zoning Ordinance provided that off-street parking in the front yard shall be 30 feet from the front yard Property line and shall be landscaped as required by section 704 I. of the Zoning Ordinance. Parking spaces shall be 9 feet by 20 feet; (5) signs on the Property shall conform to the requirements of Article VI of the Zoning Ordinance as is applicable to non-residential districts under the Zoning Ordinance; (6) the uses on the Property may be constructed in individual/separate buildings or a single building on the Property as determined by the Plaintiff; (7) the building or buildings shall be designed by the Plaintiff in a manner to be consistent with the intended uses as authorized by this Consent Judgment and so as to be reasonably compatible with the general design elements of the Churchill Farms development located in the Village of Shoreham as reasonably

determined by the Plaintiff.  The use of clapboard or equivalent siding and/or brick and mortar by Plaintiff to construct the buildings or building permitted by this Consent Judgment are materials deemed to be compatible with Churchill Farms; (8) No single building shall be greater 20,000 square feet.

If Plaintiff's site plan complies with the foregoing criteria, Defendant's Building Inspector shall approve the Plaintiff's site plan. The following criteria shall solely govern and control Defendant's Village Council's review approval or disapproval of Plaintiff's special use exception applications. Defendant's Village Council shall approve Plaintiff's special exception application if it is determined that the special exception application is in compliance with the following (1), If Defendant's Building Inspector has approved Plaintiff's site plan such approval, inclusive of the criteria for such approval, shall be binding upon the Village Council; (2) the special exception use shall be adequately served by the following public services and facilities: police and fire protection, storm water drainage, refuse disposal and water and sanitary sewer facilities; (3) the special exception use will not involve activities or process, materials and equipment that will be detrimental persons or property by reason of excessive noise, vibration, toxic emissions, fumes odors or glare; and (4) the special exception use will not be hazardous to existing or future uses in the same general vicinity and the community as a whole. In the Village Council's review of the above special exception criteria it is bound by the stipulation that the uses authorized by this Consent Judgment are compatible with the uses on the surrounding properties and the general community.  In granting the special exception use the Village Council may establish reasonable conditions to insure compliance with the special exception criteria provided for in this paragraph 7.

8. In the event the site plan is not approved as provided in this Consent Judgment Defendant's Building Inspector shall provide the Plaintiff written reasons for such disapproval. In such event, Plaintiff shall have the right to correct and re-submit the site plan in accordance with Defendant's Building Inspector's written denial whereupon Defendant's Building Inspector shall review and approve or disapprove the revised site plan within 14 calendar days of submission of the same by the Plaintiff. The procedure set forth for additional review and approval or disapproval of the site plan until the site plan is approved shall be the site plan review. However, if Plaintiff disputes the decision(s) of the Defendant's Building Inspector the Plaintiff shall have the option at its discretion to proceed with the remedies provided for in this Consent Judgment. In the event the Village Council denies the special exception use, the Plaintiff shall have the option at its discretion to proceed with the remedies provided for in this Consent Judgment.

9. The parties agree to treat one another in good faith and no party shall take or omit to take any action that will interfere with the spirit and intent of this Consent Judgment. The parties shall execute any and all documents as are necessary to carry out the intent of this Consent Judgment. Unless otherwise referenced in this Consent Judgment the provisions of the Zoning Ordinance shall only apply for the approval of uses permitted in the Open Space/Flood Zone district.

10. In the event of a conflict between the provisions of the Zoning Ordinance and the provisions of this Consent Judgment, the provisions of Consent Judgment shall control.

11. The approval of ingress and egress to the Property for the uses authorized by this Consent Judgment is within the jurisdiction of the Michigan Department of Transportation.

12. This Consent Judgment is declared to be in recordable form, and the provisions contained herein are declared to be covenants running with and for the benefit of the land and all portions or divisions thereof, and shall be binding on and inure to benefit of the Plaintiff and Defendant and their respective successors and assigns. The Berrien County Register of Deeds shall record a true copy of this Consent Judgment in the land records of Berrien County.

13. The terms of this Consent Judgment may be amended, changed or modified only upon written agreement of the parties except as otherwise provided in this Consent Judgment and any such changes must be approved and ordered by this Court. The parties are not obligated or required to agree to any change in any of the terms of this Consent Judgment.

14. Except for the right to seek enforcement and remedies arising from a breach of this Consent Judgment as provided in this Consent Judgment, all claims asserted by the Plaintiff and all defenses asserted by the Defendant and all claims that could have been asserted by either party in this lawsuit, including claims for money damages, equitable relief, attorney's fees and costs are merged into this Consent Judgment and forever barred.

15. On before twenty one (21) days from the date this Consent Judgment is entered, the Defendant shall remit costs to the Plaintiff in the amount of $35,000.00.

16. This Court retains jurisdiction to enforce the terms of this Consent Judgment and to assure compliance with the terms of the Consent Judgment, to accomplish the issuance of all necessary approvals and permits provided for in this Consent Judgment. In the event either party determines that the other party is in breach of the terms of this Consent Judgment it shall provide written notice of such breach. For purposes of this

Consent Judgment, the failure of the Defendant to approve a building permit and/or certificate of occupancy and/or the Defendant's Building Inspector failure to approve Plaintiff's site plan and/or the failure of the Defendant's Village Council to approve a special exception use as required by this Consent Judgment shall constitute a breach of the Consent Judgment. If any breach of the Consent Judgment is not cured within 30 days of the written notice, the non-breaching party shall be entitled to seek relief from this Court with regard to such breach, which relief shall include, but not be limited to, specific performance of the terms and conditions of the Consent Judgment and/or the payment of damages by the breaching party arising from said breach and the Court shall be authorized to grant such other relief as this Court may deem equitable and just. The parties specifically acknowledge that any breach of the terms of this Consent Judgment shall cause irreparable harm to the non-breaching party and the non-breaching party shall be entitled to specific performance. The Court shall also have the discretion to award reasonable attorney fees and costs to the non-breaching party. Notwithstanding the Court's continuing jurisdiction over this Consent Judgment this matter shall be administratively closed upon entry of the Consent Judgment.

    IT IS SO ORDERED.


Date: __11/09/2015___        ___/s/ Paul L. Maloney_____
                                                          Hon. Paul L. Maloney
                                                          United States District Court Judge


Date: November 5, 2015      __/s/ Bruno Trapikas_____
                                                          Bruno Trapikas, President
                                                          Village of Shoreham

Date: November 5, 2015        /s/ Michael S. Bogren
                              Michael S. Bogren (P34835)
                              Attorney for Defendants

Date: November 5, 2015        /s/ John Kinney
                              Kinney Properties IV, L.L.C.
                              By:  John Kinney
                              Its: President

Date: November 5, 2015        /s/ Timothy A. Stoepker
                              Timothy A. Stoepker (P31297)
                              Attorney for Plaintiff

Date: November 5, 2015        /s/ Scott A. Dienes
                              Scott A. Dienes (P53066)
                              Attorney for Plaintiff

Open.00560.50898.16144123-1